**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000352
26-JAN-2022
08:12 AM
Dkt. 41 SO**

NO. CAAP-21-0000352

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE INTEREST OF AS

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 20-00057)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Nakasone and McCullen, JJ.)

Appellant Mother (**Mother**) appeals from the Family Court of the First Circuit's (**Family Court**) May 24, 2021 Order Terminating Parental Rights.[1]  In doing so, Mother raises four points of error, and challenges Findings of Fact (**FOF**) Nos. 37 to 41, 48, 49, and 53.[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mother's points of error as follows:

(1) Mother first contends that the Family Court abused its discretion when it denied her requests to continue trial on

---

[1]  The Honorable Andrew T. Park presided.

[2]  Mother also challenges Conclusions of Law (**COL**) Nos. 9 and 10 because they "erroneously cite[] [Hawaii Revised Statutes (**HRS**)] chapter 578A . . . ."  The citation to HRS chapter 578A appears to be a typographical error.

March 2, 2021 and May 24, 2021. Mother acknowledges that she participated in both proceedings via WebEx and phone, but argues there is nothing in the record to demonstrate she was able to see a witness testify, thereby, denying her due process right to confront witnesses against her.

Generally, civil litigants have a due process right to be present but that right is not absolute, it is a qualified right. Onaka v. Onaka, 112 Hawaiʻi 374, 381, 146 P.3d 89, 96 (2006). Absent violation of a fundamental right, the relevant inquiry is whether the family court abused its discretion in granting or denying a motion to continue. Id. at 382, 146 P.3d at 97.

> We review a trial court's decision to grant or deny a motion to continue for an abuse of discretion. . . .
>
> It is well established that an abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party-litigant.

Id. at 378, 146 P.3d at 93 (citations, internal quotation marks, and brackets omitted). Moreover, there is no fundamental right to have trial commence at the time of Mother's choosing. Id. at 381-82, 146 P.3d at 96-97. Thus, Mother's qualified right to be present at her civil proceeding was not obstructed because the Family Court did not preclude her from attending. And, as Mother acknowledges, she attended the hearing, albeit by Webex.

As to Mother's argument that she was denied the right to confront a witness, the constitutional guarantee of criminal defendants to confront their accusers has no direct application in proceedings to terminate parental rights. In re Doe Children, 85 Hawaiʻi 119, 124, 938 P.2d 178, 183 (App. 1997) (citation omitted).

2

Nevertheless, prior to the Family Court receiving testimony on March 2, 2021, Mother confirmed she was able to see and hear the proceeding. The Family Court stated Mother would be able to see witnesses that testify because the video will jump back and forth as a microphone is activated. Throughout the March 2, 2021 proceeding, Mother did not indicate that she could not hear or see a witness testify; she instead stated that her cell phone battery was low and she could not find a plug. When Mother's connection dropped, the Family Court stopped the hearing and continued the matter to May 24, 2021. On May 24, 2021, Mother appeared by phone, and she was the only witness to testify. Mother's attorney was present in the courtroom at both hearings.

In sum, Mother's due process rights were not violated on March 2, 2021 because Mother attended the proceeding and there was no indication that she could not see or hear the witness. Also, there was no witness to confront on May 24, 2021 because Mother was the only witness to testify. Thus, the Family Court did not abuse its discretion by denying Mother's request for a continuance.

(2) Mother next contends that the Family Court erred in finding she was not willing and able to provide her child (**AS**) with a safe family home. The Family Court found Mother failed to participate in the following court-ordered service plans: (1) substance abuse assessment, random drug urinalyses and to demonstrate consistent and prolonged sobriety; (2) a parenting education program; (3) individual therapy; and (4) a domestic violence program. The Family Court also found that Mother had no

insight as to her recurring problems with substance abuse and domestic violence, and that lack of insight negatively impacts a parent's ability to resolve those problems.

Mother provides no analysis as to why these findings are clearly erroneous. Based on Mother's prior history with the Department of Human Services (**DHS**), Mother had substance abuse, domestic violence, and homelessness issues. Deborah Easton (**Easton**), a DHS social worker, testified Mother could not currently provide a safe family home, even with the assistance of a service plan, because the services necessary to help Mother with skills to provide a safe home were not completed, she was still using substances, and the conditions that existed at the beginning of the case had not been addressed. Thus, substantial evidence existed to show that Mother was not presently willing and able to provide a safe family home, even with the assistance of a service plan.

(3) Mother also contends that the Family Court clearly erred by finding it was not reasonably foreseeable Mother would become willing and able to provide a safe family home, even with the assistance of a service plan, within a reasonable period of time.

A parent's history of compliance or noncompliance with service plans is relevant and probative of a parent's capacity to provide a safe family home as well as whether it is reasonably foreseeable a parent will become willing and able to provide a safe family home, with the assistance of a service plan, within a reasonable period of time. In re Doe, 95 Hawaiʻi 183, 196, 20 P.3d 616, 629 (2001). Easton stated Mother had a pattern of not

4

participating in services based on her prior history with her other children, and in the present case when she failed to participate or complete services after three referrals by DHS.

Moreover, AS entered foster care on April 28, 2020, and more than one year later, when the proceeding on the Motion to Terminate Parental Rights was held in May 2021, Mother had merely scheduled parenting class and domestic violence services. She also had not begun to address her substance abuse issue. Thus, the Family Court did not clearly err by finding it was not reasonably foreseeable Mother would become willing and able to provide a safe family home, even with the assistance of a service plan, within a reasonable period of time, not to exceed two years from the date AS entered foster care. See HRS § 587A-33(a)(2) (2018).

(4) Finally, Mother contends that the Family Court erred by failing to make specific findings as to which factors in HRS § 587A-7 (2018) were relied upon in terminating Mother's parental rights, denying the appellate court from reviewing the findings. The Family Court must consider the factors stated in HRS § 587A-7. In re HK, 142 Hawaiʻi 486, 421 P.3d 694, Nos. CAAP-17-0000085 and CAAP-17-0000086, 2018 WL 3201647 at *3 (App. Jun. 29, 2018) (SDO). However, nothing in HRS § 587A-7 expressly requires the Family Court to recite the enumerated factors in its findings. To that point, the Family Court "is required to only make brief, definite, pertinent findings and conclusions upon the contested matters; there is no necessity for over-elaboration of detail or particularization of facts." Doe v. Roe, 5 Haw. App. 558, 565, 705 P.2d 535, 542 (1985) (citation

5

and internal quotation marks omitted). Here, the findings and conclusions were sufficient to allow for appellate review.

Therefore, IT IS HEREBY ORDERED that the Order Terminating Parental Rights, entered on May 24, 2021, in the Family Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawaiʻi, January 26, 2022.

On the briefs:

Randal I. Shintani,
for Mother-Appellant.

Eric J. Alabanza and
Julio C. Herrera,
Deputy Attorneys General,
for Petitioner-Appellee,
The Department of Human
Services.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge